985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa HERRERA-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70659.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1992.
Decided Feb. 4, 1993.
 
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Asl-krl-xgu.
 BIA
 PETITION GRANTED.
 Before ALDISERT,* GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Herrera-Garcia, a citizen of Nicaragua, applied for asylum under 8 U.S.C. § 1158(a), withholding of deportation under 8 U.S.C. § 1253(h), and voluntary departure under 8 U.S.C. § 1254(e). The immigration judge denied her requests. On appeal the Board of Immigration Appeals ("the Board" or "BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Herrera-Garcia no longer had a well-founded fear of persecution in Nicaragua. It denied her application based solely on the notice taken, and it ordered her deported.
 
 
 3
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the effect of the change in government in Nicaragua without giving Herrera-Garcia notice of its intent to do so, and an opportunity to show cause why administrative notice should not be taken, or the record supplemented by further evidence, we grant the petition for review.
 
 
 4
 * An alien is eligible for asylum if she has a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group or political opinion, 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 208.13(b)(2), or, in extreme cases, based on past persecution. Matter of Chen, 20 I. & N. Dec. ----, slip op. at 5-8 (BIA Int. Dec. No. 3104, Apr. 25, 1989) (extremely debilitating physical and mental persecution, including imprisonment and severe beatings which caused permanent hearing loss, warranted grant of asylum for past persecution); 8 C.F.R. § 208.13(b)(1). The decision to grant asylum is within the discretion of the Attorney General. 8 U.S.C. § 1158(a). Whether an alien has a well-founded fear of persecution is a question of fact, and we review the BIA's determination under the substantial evidence standard. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986); 8 U.S.C. § 1105a(a)(4).
 
 
 5
 An alien is eligible for withholding of deportation if her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h). She must meet a higher standard than that required for asylum: "clear probability" of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-50 (1987); INS v. Stevic, 467 U.S. 407, 430 (1984); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 II
 
 6
 Herrera-Garcia argued in support of her application to the immigration judge that she feared returning to Nicaragua because of events occurring subsequent to her departure at the house registered in her name with the Nicaraguan authorities. Two sets of tenants have suffered at the hands of the Sandinistas: the first was "disappeared"; the second was detained for subversive activities, evidence of which was found on site. Following this detention, Herrera-Garcia's car was confiscated, her house searched, and all the data about her whereabouts demanded by state security officers. She believed she might be punished for her connection as landlady to a contra leader if deported.
 
 
 7
 At the time of her hearing, Herrera-Garcia did not have detailed information as to the extent and serious nature of the weapons and medicines seized from her property. Nor did she possess any official evidence confirming her speculation that she would be implicated in the subversive activities of her jailed tenant. She also failed to indicate to the judge that her former husband served the contras as a physician. She moved to reopen proceedings in February, 1991 to introduce this evidence.[1]
 
 III
 
 8
 Herrera-Garcia's supplemented petition for review presents two major arguments. First, Herrera-Garcia claims that the BIA improperly took administrative notice that the Sandinistas no longer control the Nicaraguan government. Second she contends that the BIA erred in finding that she had not established a sufficient fear of persecution by the Sandinistas warranting either asylum or withholding of deportation.
 
 
 9
 Herrera-Garcia argues that she was denied due process because the BIA took administrative notice of the effect of the change of government in Nicaragua without giving her an opportunity to establish that the Sandinistas still exert significant control over the government. She insists that, notwithstanding the change of government, she maintains a well-founded fear of persecution by Sandinistas who are still active in the country and retain sufficient power to persecute her.
 
 
 10
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." We explicitly rejected the position that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Herrera-Garcia did not receive warning that administrative notice would be taken. Nor was she provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.
 
 
 11
 Because the BIA improperly took administrative notice in this case, we must vacate its decision and remand under Castillo-Villagra, 972 F.2d at 1029, 1031. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioner in support of her requests for asylum and withholding of deportation. We reserve judgment on this issue until the BIA affords Herrera-Garcia an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with her due process rights under the Fifth Amendment.
 
 
 12
 The petition for review is therefore GRANTED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The current status of this motion is unclear. At the initial stages of briefing before this court, the INS had not acted upon the motion to reopen and Herrera-Garcia argued that the evidence required reopening of her case by the Board. In light of the basis of our decision, we need not reach the issue at this point. As a matter of administrative economy the Board may exercise its discretion to afford petitioner an opportunity to supplement the record with this evidence as well as that relevant to the taking of administrative notice. 8 C.F.R. §§ 3.2 & 3.8